IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J. CHRISTOPHER WREH, § <br>    PLAINTIFF, § <br> § <br> V. § <br> § <br> WELLS FARGO BANK, N.A. AS § <br> TRUSTEE FOR PARK PLACE § <br> SECURITIES, INC. ASSET-BACKED § <br> PASS-THROUGH CERTIFICATES, § <br> SERIES 2004-MCW1, (SPECIALIZED § <br> LOAN SERVICING LLC), ET AL.[1] § <br>    DEFENDANTS. § | CASE NO. 3:19-CV-1234-K-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Pending before the Court is the *Motion for Summary Judgment and Motion to Dismiss Pursuant to Rules 8, 12(b)(6) and 9(b)* filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Doc. 9. For the reasons that follow, the motion should be **GRANTED**, and this case should be dismissed as to all Defendants.

**I. BACKGROUND**

In July 2004, Plaintiff executed a $139,500 promissory note (the "Note"), payable to Ameriquest Mortgage Company ("Ameriquest"). Doc. 9-3 at 1-5. Plaintiff used the loan

---

[1] Defendant avers that its correct name is "Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-MCW1, Class A-1 Certificates." Doc. 5 at 1. .

principal to purchase his home at 509 Shadow Bend Drive, Richardson, Texas (the "Property"). Doc. 9-3 at 1; Doc. 1-1 at 7.  To secure the Note, Plaintiff contemporaneously executed a Texas Home Equity Security Instrument (the "Deed of Trust"), also with Ameriquest.  Doc. 9-4.  In May 2005, Ameriquest assigned the Note and Deed of Trust to Wells Fargo, N.A. ("Wells Fargo").  Doc. 9-5.

By failing to make the required monthly mortgage payments, Plaintiff defaulted on the Note and Deed of Trust.  Doc. 9 at 6; Doc. 9-6 at 2.  Indeed, at the time the motion to dismiss was filed, Plaintiff was more than 8 years in arrears.  Doc. 9 at 6.  In April 2017, Wells Fargo, through its mortgage servicer, Defendant Specialized Loan Servicing LLC ("SLS"), notified Plaintiff that his obligations under the Note had been accelerated.  Doc. 9 at 5; Doc. 9-15 at 2.  In July 2017, Wells Fargo applied for and was subsequently granted an expedited foreclosure order by the 162nd Judicial District Court in Dallas County.  Doc. 9-6 at 1-3; Doc. 9-7 at 1-2.  In November 2018, SLS notified Plaintiff that the Property would be foreclosed upon on January 2, 2019.  Doc. 9-15.  On that date, the Property was sold to the highest bidder, Wells Fargo.  Doc. 9-8.

Subsequently, Wells Fargo attempted to evict Plaintiff from the Property, to no avail. Doc. 9 at 7.  In April 2019, Plaintiff filed this *pro se* action in state court, seeking to avoid an "expedited foreclosure [on his home] which is at the point of eviction."[2]  Doc. 1-1 at 2.  Liberally

---

[2] During the eviction process, and subsequent to Plaintiff's filing in state court, Defendant sold the Property to Bosten Goldschmied and BG Incorporated ("Bosten").  Doc. 9 at 7.  Bosten took over the eviction efforts and, in August 2019, obtained its first judgment for possession of the Property.  Doc. 9 at 7.  After Plaintiff failed to vacate the Property, Bosten obtained a second judgment for possession on September 26, 2019.  Doc. 9-2.

construed,[3] the complaint asserts causes of action for wrongful foreclosure, fraud, misrepresentation, and seeks damages and injunctive relief. Doc. 1-1 at 3-19; Doc. 6 at 1. In May 2019, Wells Fargo removed the action to this Court based on diversity jurisdiction. Doc. 1. In March 2020, Wells Fargo filed the instant *Motion for Summary Judgment and Motion to Dismiss Pursuant to Rules 8, 12(b)(6) and 9(b)*, asserting that Plaintiff's claims are "frivolous and filed for the sole purpose of avoiding an inevitable eviction." Doc. 9 at 2. Wells Fargo also seeks attorneys' fees. The motion is ripe for consideration.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a

---

[3] Plaintiff's complaint is opaque and short on law. Nonetheless, *pro se* pleadings should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* Conclusory allegations are not competent summary judgment evidence and are thus insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

When ruling on a motion for summary judgment, the Court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Id.* However, Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. In ruling on a summary judgment motion, courts do not consider issues of disputed facts that are "irrelevant and unnecessary." *Anderson*, 477 U.S. at 248.

### III. ANALYSIS

a.  **Wells Fargo's Standing to Foreclose**

Plaintiff's complaint rests largely on the notion that Wells Fargo lacks standing to foreclose on the Property because the Note and Deed of Trust were not properly assigned to Wells Fargo. Doc. 1-1 at 9-17. Wells Fargo contends in its motion that the law establishes that

it has standing as the holder and assignee of the Note and Deed of Trust and that SLS was acting as Wells Fargo's mortgage servicer. Doc. 9 at 13, 15-18. In response, Plaintiff maintains that the assignment is both inadmissible hearsay and fraudulent on its face. Doc. 10 at 9-14.

Under Texas law, mortgagees have standing to foreclose. TEX. PROP. CODE § 51.0025. A mortgagee is defined as, *inter alia*, "the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(C). Moreover, a "mortgage servicer may administer a foreclosure on behalf of a mortgagee if the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage, proper notice is given, and notice discloses that the mortgage servicer represents the mortgagee." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (internal quotation marks omitted); TEX. PROP. CODE § 51.0025.

Wells Fargo's summary judgment evidence establishes that it was the mortgagee of the Property, as it was the last party to whom the Deed of Trust was assigned. Doc. 9-5. As the mortgage servicer of Wells Fargo, SLS had authority to foreclose pursuant to TEX. PROP. CODE § 51.0025, so long as Plaintiff was given proper notice. *Martins*, 722 F.3d at 255. The Deed of Trust requires that all notices be in writing and notes that "[a]ny notice to [Plaintiff] in connection with [the Deed of Trust] shall be deemed to have been given to [Plaintiff] when mailed by first class mail or when actually delivered" to Plaintiff's address. Doc. 9-4 at 10. Wells Fargo's evidence establishes that SLS properly notified Plaintiff via certified mail of its role as mortgage servicer for Wells Fargo and that it would conduct a foreclosure sale of the Property. Doc. 9-15 at 2-5. Plaintiff has provided no evidence suggesting otherwise. Accordingly, Wells Fargo had standing and the authority to enforce the Deed of Trust through its mortgage servicer, SLS.

### b. Wrongful Foreclosure

Plaintiff's wrongful foreclosure argument also stems from his belief that Wells Fargo lacks standing to foreclose of the Property. Doc. 1-1 at 11, 15-18. Wells Fargo counters, and as noted above, the Court agrees, that Wells Fargo does have standing to foreclose in this case. Wells Fargo further argues that Plaintiff has failed to state a valid claim for wrongful foreclosure. Doc. 9 at 10.

Under Texas law, the elements of wrongful foreclosure are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. —Corpus Christi 2008)). Here, as discussed above, Wells Fargo's uncontroverted evidence establishes that the foreclosure sale was conducted in accordance with applicable notice requirements. Doc. 9-6; Doc. 9-11; Doc. 9-15. The evidence also establishes that the Note and Deed of Trust were properly assigned to Wells Fargo. Doc. 9-5. Most importantly, even assuming that some defect in the sale proceedings existed, Plaintiff has not pled, nor is there any evidence in the record indicating, that the Property was sold at a "grossly inadequate selling price," and that the price was the result of some defect in the foreclosure proceedings. In fact, Wells Fargo purchased the Property at the foreclosure sale for $221,556.67—well over the original loan amount of $139,500. Doc. 9-8 at 1; *see Castanon v. Wells Fargo Bank, N.A.*, No. 3:11-CV-03472-P, 2012 WL 3200869, at *2 (N.D. Tex. June 22, 2012) (noting that a foreclosure sale price greater than the original loan amount was not grossly inadequate). Consequently, Plaintiff's wrongful foreclosure claim should be **DISMISSED WITH PREJUDICE**.

### c. Fraud

Plaintiff presents a largely incoherent claim for fraud. Interpreted liberally, Plaintiff's fraud claim rests on the same assertion that Wells Fargo lacks standing to foreclose because the Note and Deed of Trust were never assigned to Wells Fargo. *See, e.g.*, Doc. 1-1 at 10 (alleging that Wells Fargo's contention that it is a beneficiary of the security instrument is a "fraud upon the court"). However, the Court has already determined that the assignment was proper, and that Wells Fargo has standing to foreclose. Again, Plaintiff has provided no evidence that raises a genuine issue of material fact as to that conclusion. Thus, Plaintiff's fraud claim should be **DISMISSED WITH PREJUDICE**.

### d. Injunctive Relief

Injunctive relief is merely an equitable remedy. *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Id.* (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. —Houston [1st Dist.] 2008)). Because the Court concludes that Wells Fargo is entitled to summary judgment and that all of Plaintiff's substantive claims should be dismissed with prejudice, Plaintiff is not entitled to injunctive relief.

### e. Wells Fargo's Request for Attorneys' Fees

Attorneys' fees may be recovered pursuant to a contract, such as a deed of trust. *See In re Velazquez*, 660 F.3d 893, 899 (5th Cir. 2011) (awarding attorneys' fees pursuant to deed of trust). Wells Fargo argues that, pursuant to the Deed of Trust, it is "entitled to collect all expenses incurred in pursuing the remedies provided therein including . . . reasonable attorneys' fees and costs." Doc. 9 at 22. Indeed, Paragraph 9 of the Deed of Trust provides that "if there is

a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under [the Deed of Trust] . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property." Doc. 9-4 at 7. These actions can include "paying reasonable attorneys' fees to protect its interest in the Property and/or rights under the [Deed of Trust]," and any amounts so incurred "shall become additional debt of Borrower secured by" the Deed of Trust. Doc. 9-4 at 8. Thus, Wells Fargo is entitled to recover its reasonable attorneys' fees incurred in defending this lawsuit. *See In re Velazquez*, 660 F.3d at 895-96, 899 (finding virtually identical language in a deed of trust to permit the recovery of attorneys' fees).

In support of its request for attorneys' fees, Wells Fargo has submitted the affidavit of lead counsel attesting to his firm's applicable hourly rates, the services rendered, and the fee amount that he believes to be reasonable for litigating this case. Doc. 9-12. Wells Fargo also submitted its billing statements. Doc. 9-12. Plaintiff had the opportunity to object to counsel's request for fees and calculations thereof in his response but did not do so; thus, Plaintiff has waived any objections. *See Parker v. U.S. Bank Nat. Ass'n*, 2014 WL 2883919, at *5 (N.D. Tex. June 25, 2014).

Wells Fargo seeks a total fee award of $10,937.50. The record reflects that Wells Fargo's counsel, Branch M. Sheppard ("Mr. Sheppard"), was chiefly responsible for this case and has been licensed by the State of Texas for over 17 years. Doc. 9-12 at 2. His hourly rate is $265. Doc. 9-12 at 2. Mr. Sheppard was assisted by associates Jeffrey S. Valliere ("Mr. Valliere") and Berenice M. Medellin ("Ms. Medellin") whose hourly rates are each $250. Doc. 9-12 at 2. The Court finds that the hourly rates for counsel are within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience,

and skill and for services performed in cases of this nature. Indeed, the Court previously has approved of these rates for these particular attorneys in a similar case. *See Stevenson v. Wells Fargo*, Case No. 3:12-CV-03032-L-BK, Doc. 28 at 2.

As reflected in the billing statements and Mr. Sheppard's affidavit, counsel spent a total of 43 hours reviewing and responding to Plaintiff's pleadings, investigating his claims, preparing and filing the notice of removal, drafting a response to Plaintiff's motion for leave to amend his complaint, preparing and serving discovery requests, and researching and preparing the instant motion and supporting documentation. Doc. 9-12 at 4-34.

Based on calculations utilizing the lodestar method, the Court finds that both the hours expended and counsels' billing rates are reasonable. The Court also has considered the factors set forth in *Arthur Anderson* and concludes that no further adjustment to the fee is warranted. *See Rohrmoos Venture*, 578 S.W.3d at 500 ("Like our federal counterpart, we recognize that the base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations").

Based on the foregoing, the Court concludes that Wells Fargo's request for attorneys' fees of $10,937.50 should be **GRANTED**.

### IV. DISMISSAL OF CLAIMS AGAINST REMAINING DEFENDANTS

Plaintiff failed to timely effectuate service of process on the remaining Defendants, Bank of America, N.A., and Specialized Loan Servicing.

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Plaintiff filed his complaint in state court on April 4, 2019. Doc. 1-1 at 2-21. Thus the deadline for serving all Defendants was July 3, 2019, but SLS and Bank of America, N.A., against whom Plaintiff alleged claims in the body of his complaint, were not served. On January 14, 2020, the Court granted Plaintiff's motion to correct the caption of the case to also include Defendants SLS and Bank of America, N.A.:

> The Clerk of the Court is directed to amend the caption of the instant case to include as defendants: (1) Specialized Loan Servicing LLC; and (2) Bank of America, N.A. Additionally, the Court *sua sponte* extends the period for Plaintiff to request summonses and effectuate service on defendants Specialized Loan Servicing LLC and Bank of America, N.A. **to March 9, 2020**. Failure to comply by this deadline may result in dismissal of Plaintiff's claims against defendants Specialized Loan Servicing LLC and Bank of America, N.A. *See* FED. R. CIV. P. 4(h)&(m).

Doc. 8 at 3 (emphasis in original). Despite the Court's admonition, however, Plaintiff failed to effect service by the extended deadline.

More than a year later, on April 16, 2020, after Wells Fargo had filed the instant motion for summary judgment and dismissal and Plaintiff had filed his response, Plaintiff filed his *Motion for Extension of Time to Complete Service Combined with Motion to Abate Motion for Summary Judgement*, Doc. 12. Plaintiff requested a 60-day extension to complete service of process on SLS and Bank of America, N.A., and abatement of "any decision on the Defendant [sic] Motion for Summary Judgment," suggesting that Wells Fargo withdraw the motion. Doc. 12 at 1. Plaintiff argued he had been unable to complete service on the remaining Defendants because he "never received the Court's order of January 14, 2020" and he "does not have access to Pacer." Doc. 12 at 2.

In denying the motion, the Court noted the docket sheet revealed that Plaintiff was notified of his requirement to register as an ECF user within 14 days of the case being docketed in this Court, and that the January 14, 2020 order had been emailed to an address provided by

Plaintiff, so ECF access was not necessary for notice, belying Plaintiff's assertions to the contrary. Doc. 14 at 2. The Court further held:

> Plaintiff clearly is responsible for diligently pursuing this civil action, including ensuring that he has timely access to every pleading and order docketed. Plaintiff offers no excuse for his failure to determine the status of this case for at least three months, whether in person or electronically. At best, Plaintiff was extremely negligent in failing to do so; at worst, he is simply disingenuous. Either way, Plaintiff has not demonstrated good cause for his failure to timely effectuate service. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (when the time to effect service has expired, the party attempting service has the burden of demonstrating "good cause" for failing to serve the opposing party).

Doc. 14 at 2-3.

As the foregoing illustrates: (1) Plaintiff failed to timely serve SLS and Bank of America, N.A.; (2) Plaintiff failed to comply with the Court's order *sua sponte* enlarging the time to accomplish such service and warning failure to do so could result in dismissal; and (3) Plaintiff belatedly requested an extension of time to serve SLS and Bank of America, N.A., but failed to demonstrate good cause for his previous failure to serve them. As such, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's claims against Defendants SLS, and Bank of America, N.A., should be **DISMISSED WITHOUT PREJUDICE**.[4]

## V. CONCLUSION

Wells Fargo's *Motion for Summary Judgment and Motion to Dismiss Pursuant to Rules 8, 12(b)(6) and 9(b)*, Doc. 9, should be **GRANTED**, Wells Fargo's request for attorneys' fees should be **GRANTED**, Plaintiff's claims against Defendant Wells Fargo should be **DISMISSED WITH PREJUDICE**, Plaintiff's claims against Defendants SLS and Bank of America N.A.

---

[4] The Court notes that Plaintiff alleges essentially the same claims against Defendants SLS, and Bank of America, N.A., as against Wells Fargo. For the same reasons such claims fail against Defendant Wells Fargo, they also fail against the remaining Defendants.

11

should be **DISMISSED WITHOUT PREJUDICE**, and, as no claims will remain, this case should be **CLOSED**.

    **SO RECOMMENDED** on November 20, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).